UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME REDDICK,

    Petitioner,

-vs-                                                          Case No.  8:06-cv-1994-T-24TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

## O R D E R

THIS CAUSE is before the Court on Petitioner Reddick's 28 U.S.C. § 2254 petition for writ of habeas corpus. Reddick challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

PROCEDURAL HISTORY

On February 8, 2000, in case no. 99-4359, Reddick, after jury trial, was found guilty of Robbery (Firearm - less than $300)(Count One), and Armed Burglary of a Dwelling (Count Two). (Resp. Ex. 001). On February 18, 2000, trial counsel for Reddick filed a motion for new trial. (Resp. Ex. 002). In that motion, counsel argued that subsequent to the original trial, two eye-witnesses to the crime, Victor McGett and Toney Stealy, came forward and claimed Reddick was misidentified as being involved in the offense. The motion further claimed that this evidence could not have been discovered earlier through the exercise of due diligence. In support of the latter allegation, Reddick claimed that McGett was incarcerated at the time of Reddick's arrest, while Stealy refused to come forward with information because there was a warrant for his arrest at the time of Reddick's offense.

On March 29, 2000, the state trial court held a hearing on Reddick's motion for new trial. (Resp. Ex. 003). In addition to McGett and Stealy, Arlene Burke, a convicted felon, also testified as a newly-discovered eye-witness. Burke, who was a friend of Reddick's girlfriend, claimed Reddick was not involved in the crime and that he with her on his porch when the robbery occurred. Burke claimed she witnessed the crime but could not describe the victims because she never saw their faces. According to Burke, she did not come forward with her information to the police nor Reddick's family because she thought Reddick had been "released from the charges."

At the conclusion of the March 29, 2000, hearing, the state trial court denied Reddick's motion for new trial. Thereafter, the state trial court sentenced Reddick to fifteen years incarceration with a minimum mandatory ten-year provision on Count One, and fifteen years incarceration with a minimum mandatory three-year provision on Count Two. The sentences run concurrently. (Resp. Ex. 004).

On April 27, 2000, Reddick directly appealed his judgment and sentence. Reddick's sole issue on direct appeal was whether the trial court abused its discretion when denying Reddick's motion for new trial based upon newly-discovered evidence. (Resp. Ex. 005). On November 16, 2001, the state district court of appeal per curiam affirmed Reddick's conviction and sentence. (Resp. Ex. 006).

On April 8, 2002, Reddick filed a pro se rule 3.850 motion for post conviction relief. (Resp. Ex. 007). He raised seven grounds for relief:

   1. Ineffective assistance of counsel for failure to object and protest against the improper comments made by the prosecutor during closing arguments.

   2. Ineffective assistance of counsel for failure to impeach eyewitnesses with statements that significantly contradicted their testimony at trial.

-2-

    3. Ineffective assistance of counsel for failure to call important witnesses.

    4. Ineffective assistance of counsel for misadvising the Defendant as to the consequences of testifying at trial.

    5. Ineffective assistance of counsel for misadvising the Defendant that the case would be thrown out.

    6. Ineffective assistance of counsel for failing to inform the Defendant of the State's three-year plea offer.

    7a. Ineffective assistance of counsel for failing to depose key witness Chris Salerno.

    7b. Ineffective assistance of counsel due to counsel's physical condition which impaired her ability to represent the Defendant.

On August 28, 2002, the state trial court summarily denied grounds 7a and 7b and ordered the State to respond to the remaining grounds. (Resp. Ex. 008). On October 28, 2002, the State filed its response challenging grounds one, two, three, and four and conceding that an evidentiary hearing was required on grounds five and six. (Resp. Ex. 009).

On November 22 , 2002, the state trial court adopted the State's response denying Reddick's rule 3.850 motion as to grounds one, two, three, and four, but agreed that an evidentiary hearing was necessary on grounds five and six. (Resp. Ex. 010). On May 8, and June 5, 2003, an evidentiary hearing was held to determine the merits of grounds five and six. (Resp. Ex. 011). During the May 8, 2003, hearing, Reddick's state trial defense counsel, Heather Gray, testified. On April 28, 2004, the state trial court denied Reddick's rule 3.850 motion. (Resp. Ex. 013).

On May 4, 2004, Reddick appealed the denial of rule 3.850 relief, raising two issues: 1) whether the state trial court erred in denying Reddick's claim of ineffective assistance of counsel due to trial counsel's allegedly advising Reddick his case would be dismissed prior

to trial on the basis of a natural expiration of speedy trial; and 2) whether the state trial court erred in denying Reddick's claim of ineffective assistance of counsel due to trial counsel's failure to inform Reddick of a 3-year State plea offer. (Resp. Ex. 014).

On November 18, 2005, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief. On December 9, 2005, the mandate issued. (Resp. Ex. 015). On October 23, 2006, Reddick signed the present 28 U.S.C. §2254 petition.

## Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In Reddick's case, the relevant time periods are from:

(1) February 14, 2002, the date on which Reddick's judgment and sentence became final; that is, upon expiration of the time for seeking certiorari review of the affirmance in Reddick's direct appeal[1] through April 8, 2002, the date

---

[1] See Clay v. United States, 537 U.S. 522, 526 (2003) (§2255 case holding federal judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction); Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)("We see no reason to deny §2254 petitioners the time to file for certiorari with the United States Supreme Court where we have made such time available to §2255 petitioners.").

Reddick initially filed for rule 3.850 postconviction relief. This time period totals approximately fifty-two days.

(2) December 9, 2005, the date of the state district court of appeal's mandate issued after the state district court of appeal affirmed the state trial court's denial of rule 3.850 relief through October 23, 2006, the date of Reddick's present application for 28 U.S.C. §2254 review, which totals three hundred-seventeen (317) days.

Fifty-two days added to three hundred-seventeen days equals three hundred sixty-nine days. As a result, Reddick's habeas petition is time-barred.

In his reply, Reddick claims that his Petition is timely pursuant to Rule 6(a), Federal Rules of Civil Procedure, because the federal holidays within the one-year limitations period should not have been counted. Reddick misconstrues Rule 6(a) which reads:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Rule 6(a) applies to the AEDPA one-year limitation period only to the extent that the day of the act, event, or default from which the designated period of time begins to run

shall not be included for petitioners whose convictions became final after the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Moore v. Campbell, 344 F.3d 1313 (11th Cir. 2003).  AEDPA does not contemplate subtracting federal holidays from that one-year limitations period.

Even if the petition were not time-barred, Reddick would not be entitled to habeas corpus relief, on the merits, for the reasons set out in Respondent's response.  The Court finds the Respondent's arguments persuasive.  Reddick's reply arguments on the merits are not persuasive.

Accordingly, the Court orders:

That Reddick's federal habeas corpus petition is denied, as time-barred.  The Clerk is directed to enter judgment against Reddick and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 2, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Jerome Reddick